MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
LUIS ADORNO SANCHEZ, *individually and*
*on behalf of others similarly situated,*

**COMPLAINT**

*Plaintiff,*

-against-

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

RESTAURANT 597 INC. (D/B/A BUS STOP
CAFE), ANASTASIOS HATZIIOANNIDIS,
GEORGIA HATZIIOANNIDIS, and SPIRO
DOE,

**ECF Case**

*Defendants.*
------------------------------------------------------X

Plaintiff Luis Adorno Sanchez ("Plaintiff Adorno" or "Mr. Adorno"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Restaurant 597 Inc. (d/b/a Bus Stop Cafe), ("Defendant Corporation"), Anastasios Hatziioannidis,  Georgia Hatziioannidis, and  Spiro Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**<u>NATURE OF ACTION</u>**

1.     Plaintiff Adorno is a former employee of Defendants Restaurant 597 Inc. (d/b/a Bus Stop Cafe), Anastasios Hatziioannidis, Georgia Hatziioannidis, and Spiro Doe.

2.      Defendants own, operate, or control a restaurant/diner, located at 597 Hudson Street, New York, NY 10014 under the name "Bus Stop Cafe".

3.     Upon information and belief, individual Defendants Anastasios Hatziioannidis, Georgia Hatziioannidis, and Spiro Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Adorno was employed as a busboy and a delivery worker at the restaurant located at 597 Hudson Street, New York, NY 10014.

5.     Plaintiff Adorno was ostensibly employed as a busboy and a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to dishwashing, cleaning the restaurant, bringing items from the basement, taking tables outside and/or inside the restaurant and sweeping and mopping (hereafter the "non-tipped duties").

6.     At all times relevant to this Complaint, Plaintiff Adorno worked for Defendants without appropriate minimum wage compensation for the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Adorno appropriately for any hours worked.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiff Adorno wages on a timely basis.

9.     Defendants employed and accounted for Plaintiff Adorno as a busboy and a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.    Regardless, at all relevant times, Defendants paid Plaintiff Adorno at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Adorno's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Adorno's actual duties in payroll records by designating him as a a busboy and a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Adorno at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

13.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Adorno's and other tipped employees' tips and made unlawful deductions from Plaintiff Adorno's and other tipped employees' wages.

14.     Defendants' conduct extended beyond Plaintiff Adorno to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Adorno and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

16.     Plaintiff Adorno now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiff Adorno seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Adorno's state law claims under 28 U.S.C. § 1367(a).

19.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant/diner located in this district. Further, Plaintiff Adorno was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

20.    Plaintiff Luis Adorno Sanchez ("Plaintiff Adorno" or "Mr. Adorno") is an adult individual residing in Queens County, New York.

21.    Plaintiff Adorno was employed by Defendants at Bus Stop Cafe from approximately February 2017 until on or about February 9, 2019.

22.    Plaintiff Adorno consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

23.    At all relevant times, Defendants owned, operated, or controlled a restaurant/diner, located at 597 Hudson Street, New York, NY 10014 under the name "Bus Stop Cafe".

24.    Upon information and belief, Restaurant 597 Inc. (d/b/a Bus Stop Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 597 Hudson Street, New York, NY 10014.

25.    Defendant Anastasios Hatziioannidis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Anastasios Hatziioannidis is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Anastasios Hatziioannidis possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Adorno, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant Georgia Hatziioannidis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Georgia Hatziioannidis is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Georgia Hatziioannidis possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Adorno, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Spiro Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Spiro Doe is sued individually in

his capacity as a manager of Defendant Corporation. Defendant Spiro Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Adorno, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

28.   Defendants operate a restaurant/diner located in the West Village neighborhood of Manhattan in New York City.

29.   Individual Defendants, Anastasios Hatziioannidis, Georgia Hatziioannidis, and Spiro Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

30.   Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.   Each Defendant possessed substantial control over Plaintiff Adorno's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Adorno, and all similarly situated individuals, referred to herein.

32.   Defendants jointly employed Plaintiff Adorno (and all similarly situated employees) and are Plaintiff Adorno's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.   In the alternative, Defendants constitute a single employer of Plaintiff Adorno and/or similarly situated individuals.

34.    Upon information and belief, Individual Defendants Anastasios Hatziioannidis and Georgia Hatziioannidis operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

35.    At all relevant times, Defendants were Plaintiff Adorno's employers within the meaning of the FLSA and New York Labor Law.

36.    Defendants had the power to hire and fire Plaintiff Adorno, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Adorno's services.

37.    In each year from 2017 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

39.    Plaintiff Adorno is a former employee of Defendants who ostensibly was employed as a busboy and a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

40.    Plaintiff Adorno seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Luis Adorno Sanchez*

41.    Plaintiff Adorno was employed by Defendants from approximately February 2017 until on or about February 9, 2019.

42.    Defendants ostensibly employed Plaintiff Adorno as a busboy and a delivery worker.

43.    However, Plaintiff Adorno was also required to spend a significant portion of his work day performing the non-tipped duties described above.

44.    Although Plaintiff Adorno ostensibly was employed as a busboy and a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

45.    Plaintiff Adorno regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.   Plaintiff Adorno's work duties required neither discretion nor independent judgment.

47.   From approximately February 2017 until on or about February 9, 2019, Plaintiff Adorno worked from approximately 8:00 a.m. until on or about 4:00 p.m., Wednesdays and Thursdays, from approximately 4:00 p.m. until on or about 11:00 p.m., Fridays, and from approximately 9:00 a.m. until on or about 4:30 p.m., Saturdays and Sundays (typically 38 hours per week).

48.   Throughout his employment, Defendants paid Plaintiff Adorno his wages by check.

49.   From approximately February 2017 until on or about December 2018, Defendants paid Plaintiff Adorno $8.65 per hour.

50.   From approximately January 2019 until on or about February 9, 2019, Defendants paid Plaintiff Adorno $10.00 per hour.

51.   Defendants never granted Plaintiff Adorno any breaks or meal periods of any kind.

52.   Nevertheless, Defendants deducted 30 minutes every day and $14.40 from Plaintiff Adorno's weekly paycheck for meal breaks and meals he never took.

53.   Plaintiff Adorno was never notified by Defendants that his tips were being included as an offset for wages.

54.   Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Adorno's wages.

55.   Defendants withheld a portion of Plaintiff Adorno's tips; specifically, Defendants pocketed 3% of all of the tips customers paid him.

56.   Although Defendants had a time tracking device, Plaintiff Adorno was not required to keep track of his time and thus he usually forgot to punch in or out; so, Defendants did not have a system that accurately reflected his actual hours worked.

57.    Defendants required Plaintiff Adorno to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

58.    On a number of occasions, Defendants required Plaintiff Adorno to sign a document in English, the contents of which he was not allowed to review in detail and was not allowed to keep a copy.

59.    Prior to January 2019, no notification, either in the form of posted notices or other means, was ever given to Plaintiff Adorno regarding overtime and wages under the FLSA and NYLL.

60.    Defendants did not provide Plaintiff Adorno an accurate statement of wages, as required by NYLL 195(3).

61.    In fact, Defendants adjusted Plaintiff Adorno's paystubs so that they reflected inaccurate wages and hours worked.

62.    Defendants did not give any notice to Plaintiff Adorno, in English and in Spanish (Plaintiff Adorno's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.    Defendants required Plaintiff Adorno to purchase "tools of the trade" with his own funds—including a bicycle, three pants a year, six shirts a year and bicycle's repairs.

*Defendants' General Employment Practices*

64.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Adorno (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws.

65.     Plaintiff Adorno was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

66.     Defendants' pay practices resulted in Plaintiff Adorno not receiving payment for all his hours worked, and resulted in Plaintiff Adorno's effective rate of pay falling below the required minimum wage rate.

67.     Defendants required Plaintiff Adorno and all other busboys and delivery workers to perform general non-tipped tasks in addition to their primary duties as a busboy and a delivery worker.

68.     Plaintiff Adorno and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

69.     Plaintiff Adorno's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

70.     Plaintiff Adorno and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

71.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Adorno's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

72.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal

regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

73.     In violation of federal and state law as codified above, Defendants classified Plaintiff Adorno and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

74.     Defendants failed to inform Plaintiff Adorno who received tips that Defendants intended to take a deduction against Plaintiff Adorno's earned wages for tip income, as required by the NYLL before any deduction may be taken.

75.     Defendants failed to inform Plaintiff Adorno who received tips, that his tips were being credited towards the payment of the minimum wage.

76.     Defendants failed to maintain a record of tips earned by Plaintiff Adorno who worked as a busboy and a delivery worker for the tips he received.

77.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Adorno who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving a busboy and a delivery worker of a portion of the tips earned during the course of employment.

78.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

79.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

80.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Adorno worked.

81.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

82.     On a number of occasions, Defendants required Plaintiff Adorno to sign a document the contents of which he was not allowed to review in detail.

83.     Prior to January 2019, Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

84.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Adorno (and similarly situated individuals) worked, and to avoid paying Plaintiff Adorno properly for his full hours worked.

85.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

86.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Adorno and other similarly situated former workers.

87.     Defendants failed to provide Plaintiff  Adorno and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the

minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

88.     Defendants failed to provide Plaintiff Adorno and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

89.      Plaintiff Adorno brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

90.     At all relevant times, Plaintiff Adorno and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records, as required under the FLSA.

91.     The claims of Plaintiff Adorno stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

92.     Plaintiff Adorno repeats and realleges all paragraphs above as though fully set forth herein.

93.     At all times relevant to this action, Defendants were Plaintiff Adorno's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

94.     Defendants had the power to hire and fire Plaintiff Adorno (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

95.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

96.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

97.     Defendants failed to pay Plaintiff Adorno (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

98.     Defendants' failure to pay Plaintiff Adorno (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

99.     Plaintiff Adorno (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

100.    Plaintiff Adorno repeats and realleges all paragraphs above as though fully set forth herein.

101.    At all times relevant to this action, Defendants were Plaintiff Adorno's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

102.    Defendants had the power to hire and fire Plaintiff Adorno, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

103.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Adorno less than the minimum wage.

104.    Defendants' failure to pay Plaintiff Adorno the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

105.    Plaintiff Adorno was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

106.     Plaintiff Adorno repeats and realleges all paragraphs above as though fully set forth herein.

107.    Defendants failed to provide Plaintiff Adorno with a written notice, in English and in Spanish (Plaintiff Adorno's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

108.    Defendants are liable to Plaintiff Adorno in the amount of $5,000, together with costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

109.    Plaintiff Adorno repeats and realleges all paragraphs above as though fully set forth herein.

110.    With each payment of wages, Defendants failed to provide Plaintiff Adorno with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

111.    Defendants are liable to Plaintiff Adorno in the amount of $5,000, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

112. Plaintiff Adorno repeats and realleges all paragraphs above as though fully set forth herein.

113. Defendants required Plaintiff Adorno to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

114. Plaintiff Adorno was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

115. Plaintiff Adorno repeats and realleges all paragraphs above as though fully set forth herein.

116. At all relevant times, Defendants were Plaintiff Adorno's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

117. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

118. Defendants unlawfully misappropriated a portion of Plaintiff Adorno's tips that were received from customers.

119. Defendants knowingly and intentionally retained a portion of Plaintiff Adorno's tips in violations of the NYLL and supporting Department of Labor Regulations.

120. Plaintiff Adorno was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

121.    Plaintiff Adorno repeats and realleges all paragraphs above as though fully set forth herein.

122.    At all relevant times, Defendants were Plaintiff Adorno's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

123.    Defendants made unlawful deductions from Plaintiff Adorno's wages including, but not limited to, deductions for meals he never ate.

124.    The deductions made from Plaintiff Adorno's wages was not authorized or required by law.

125.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Adorno's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

126.    Plaintiff Adorno was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

127.    Plaintiff Adorno repeats and realleges all paragraphs above as though set forth fully herein.

128.    Defendants did not pay Plaintiff Adorno on a regular weekly basis, in violation of NYLL §191.

129.    Defendants are liable to Plaintiff Adorno in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Adorno respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Adorno and the FLSA Class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Adorno's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Adorno and the FLSA Class members;

(e)    Awarding Plaintiff Adorno and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiff Adorno and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Adorno;

(h)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Adorno;

(i)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Adorno's compensation, hours, wages and any deductions or credits taken against wages;

(j)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Adorno;

(k)      Awarding Plaintiff Adorno damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(l)      Awarding Plaintiff Adorno damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)      Awarding Plaintiff Adorno liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)      Awarding Plaintiff Adorno and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)       Awarding Plaintiff Adorno and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

      (q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

  Plaintiff Adorno demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        March 8, 2019

                            MICHAEL FAILLACE & ASSOCIATES, P.C.

              By:        /s/ Michael Faillace      
                   Michael Faillace [MF-8436]
                   60 East 42nd Street, Suite 4510
                   New York, New York 10165
                   Telephone: (212) 317-1200
                   Facsimile: (212) 317-1620
                   *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 13, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Luis Adorno Sanchez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     13 de febrero 2019

*Certified as a minority-owned business in the State of New York*