UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS ADORNO SANCHEZ, *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>RESTAURANT 597 INC. (D/B/A BUS STOP CAFE), ANASTASIOS HATZIIOANNIDIS, GEORGIA HATZIIOANNIDIS, AND, SPIRO DOE,<br><br>*Defendants.* | 19-cv-02178<br><br>SETTLEMENT AGREEMENT AND <u>RELEASE</u> |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Luis Adorno Sanchez ("Plaintiff Adorno") on the one hand, Restaurant 597 Inc. (d/b/a Bus Stop Cafe), ("Defendant Corporation"), Anastasios Hatziioannidis, Georgia Hatziioannidis, and Spiro Doe, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Adorno alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Adorno's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 19-cv-02178 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Adorno and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Eleven Thousand Five Hundred Dollars and No Cents (**$11,500.00**) (the "Settlement Amount"), within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement, as follows:

   i.  One check in the amount of Seven Thousand Two Hundred and Fifty Dollars with Ninety-Three Cents ($7,250.93) made payable to Plaintiff via 1099;

1231196.1

      ii.      One check in the amount of Three Thousand Six Hundred and Twenty-Five Dollars with Forty-Seven Cents ($3,625.47) made payable to Michael Faillace & Associates, PC, for attorney's fees

      iii.     One check in the amount of Six Hundred and Twenty-Three Dollars with Sixty Cents ($623.60) made payable to Michael Faillace & Associates, PC, for associated costs of the litigation.

The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

2.     <u>Release and Covenant Not To Sue</u>: Plaintiff Adorno hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Adorno at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff Adorno from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Adorno relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.     <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.     <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Adorno and Defendants.

5.     <u>Acknowledgments</u>: Plaintiff Adorno and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.     <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Adorno:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510

New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Adam S. Gross
**JACKSON LEWIS P.C.**
666 Third Avenue, 29th Floor
New York, NY 10017
Tel: 212-545-4045
Email: adam.gross@jacksonlewis.com

7. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement. The parties ask the court to retain jurisdiction for purposes of enforcement of this Agreement.

8. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Adorno agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Adorno acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Adorno confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: */s/ Luis Adorno S.*　　　　　　　　　　　Date: 07/30/2019
LUIS ADORNO SANCHEZ

DEFENDANTS:

By: _____　　　　Date: _____
RESTAURANT 597 INC.

By: _____　　　　Date: _____
ANASTASIOS HATZIIOANNIDIS

By: _____　　　　Date: _____
GEORGIA HATZIIOANNIDIS

By: _____　　　　Date: _____
SPIRO DOE

acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____     Date: _____
    LUIS ADORNO SANCHEZ

DEFENDANTS:

By: _____     Date: 8/1/19
    RESTAURANT 597 INC.

By: _____     Date: 8/1/19
    ANASTASIOS HATZIIOANNIDIS

By: _____     Date: 8/1/19
    GEORGIA HATZIIOANNIDIS

4