```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/28/2019_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS ADORNO SANCHEZ, individually and on behalf of others similarly situated,

      Plaintiff,

-against-

RESTAURANT 597 INC. (D/B/A BUS STOP CAFE), ANASTASIOS HATZIIOANNIDIS, GEORGIA HATZIIOANNIDIS, and SPIRO DOE,

      Defendants.

19 Civ. 2178 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  Plaintiff, Luis Adorno Sanchez, formerly employed by Defendants as a restaurant worker, filed this action alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law, N.Y. Lab. Law §§ 195, 650 *et seq.* Compl., ECF No. 1. By joint letter, the parties notified the Court that they reached a settlement and moved for approval of their settlement agreement (the "Settlement"). Letter, ECF No. 34. For the reasons stated below, the motion is GRANTED.

## DISCUSSION

 I. Legal Standard

  The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

  In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorneys' fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II. Analysis

The Settlement provides for Defendants to pay a total of $11,500, with Plaintiff to receive $7,250.93, and Plaintiff's counsel to receive approximately one-third of the settlement in fees: $3,625.47. Settlement ¶ 1, ECF No. 34-1. The parties' letter motion identifies Plaintiff's total possible recovery, if he were to succeed on all of his claims, to be $39,620.18. Letter at 2. However, the parties note that "[t]hroughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims," and, "[c]onsidering the risks in this case . . . , Plaintiff believes that this settlement is an excellent result." *Id.* Moreover, the Settlement is the product of bargaining between experienced counsel, with Plaintiff's counsel having "significant experience representing Plaintiffs in New York City in wage and hour litigation." *Id.* at 3. The Court, therefore, concludes that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad, as it releases Defendants from claims "relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement," and mutually releases Plaintiff from "any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Adorno relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement." Settlement ¶ 2. The Settlement does not contain any provisions (1) requiring confidentiality, (2) restricting Plaintiff's future employment opportunities, or (3) requiring non-disparagement. *See generally* Settlement. The Court is, therefore, satisfied that the Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiff's counsel seeks to recover $4,249.07 in fees and costs, reflecting about one-third of the total value of the Settlement. Letter at 2–3; Settlement ¶ 1. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [her] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (internal quotation marks and citation omitted). As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's lodestar calculation is $5,343.60 in costs and attorney's fees for work done by Michael Faillace & Associates, P.C.; at $3,625.47, the bargained-for attorney's fees in the settlement is less than the lodestar calculation. Letter at 3. The Court concludes, moreover, that the billing rates are reasonable. The billing records reflect time spent drafting the complaint, preparing for and attending a mediation, and reaching settlement. ECF No. 34-3. Michael Faillace billed at a rate of $450 an hour, Daniel Tannenbaum at $350 an hour, and a paralegal billed at a rate of $100 an hour. Letter at 3. Mr. Faillace has been in practice since 1983 and has extensive experience in wage-and-hour actions. *Id.* Mr. Tannenbaum, who graduated from law school in 2008, has practiced labor and employment law at a number of law firms. *Id.* at 3–4. Although the Court observes that these rates are on the higher side,[1] a reduction is not necessary in light of counsel's effective representation of Plaintiff here. *See* Letter at 3 (noting that Plaintiff's counsel was "able to obtain an excellent result with relatively low expense"). Given that fact, and that "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases," *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015), the Court finds that the fee award is reasonable.

Additionally, the Court finds that the costs expended, consisting of $400 in filing fees and $223.60 in postage and service, to be reasonable. *See U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989).

## CONCLUSION

For the reasons stated above, the parties' motion for order approving the Settlement is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: October 28, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] *E.g.*, *Mendoza v. CGY & J Corp.*, No. 15 Civ. 9181, 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017) ("[C]ourts in this District generally approve rates of . . . $300 per hour for senior attorneys or associates with eight or more years' experience." (collecting cases)); *Apolinario v. Luis Angie Deli Grocery, Inc.*, No. 14 Civ. 2328, 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015) ("In recent years, courts in this district have awarded rates between $350 and $450 per hour for partners with significant employment litigation experience.").